IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **FRANKIE JAE LORDMASTER,** ) | Civil Action No. 7:15-cv-00509 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| **E. BARKSDALE, <u>et al.</u>,** ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

Frankie Jae Lordmaster, a Virginia inmate proceeding <u>pro se</u>, filed a motion for a temporary restraining order ("TRO"), seeking a transfer to a different prison within the Virginia Department of Corrections. In the motion, Plaintiff lists his various complaints about the conditions of confinement at the Red Onion State Prison, and he alleges in the complaint that he was placed in a stripped cell, he was deprived of five meals, he has not received the full allotment of clothes he should have, and that several defendants used excessive force on him, all in violation of the Eighth Amendment.

The purpose of a TRO is to avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. <u>See</u> <u>Steakhouse, Inc. v. City of Raleigh</u>, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). The court may issue a TRO without providing notice where "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b). The movant must also establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. <u>Winter v. Nat'l Res. Def. Council, Inc.</u>, 555 U.S. 7, 20-24 (2008). The movant must also establish a relationship between the injury claimed in the motion for preliminary injunctive relief and the conduct giving rise to a complaint.

Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). Finally, the moving party must certify in writing any effort made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b).

Plaintiff does not describe any effort he made to give notice of his motion for a TRO and the reasons why notice should not be required. Also, most of the complaints in the motion for a TRO are not related to the complaint, and for those few claims that are related, Plaintiff does not establish that he is likely to succeed on the merits. Plaintiff acknowledges that he has not exhausted administrative remedies as required by 42 U.S.C. § 1997e(a), and many of his complaints fail to state a claim upon which relief may be granted. Based on Plaintiff's allegations and the present status of the case, Plaintiff fails to establish that the balance of equities tips in his favor. Plaintiff has not yet resolved the outstanding filing fee, and defendants, who are state correctional officials, have not yet responded to the complaint. Consequently, intervening in prison administration at this time would be unduly burdensome to correctional officials. See, e.g., 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating an institution in a manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials). Accordingly, the motion for a TRO is **DENIED**.

The Clerk shall send a copy of this Order to Plaintiff.

It is so **ORDERED**.

Entered: September 30, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge